J-S32018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| REBECCA ANN LARSEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS ALLEN WHITTINGHILL | : | |
| | : | |
| Appellant | : | No. 1461 MDA 2022 |

Appeal from the Order Entered September 26, 2022
In the Court of Common Pleas of Centre County Civil Division at No(s):
22-1549

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: OCTOBER 4, 2023**

Dennis Allen Whittinghill appeals from the order granting Rebecca Ann Larsen's petition for protection from abuse (PFA).  ***See*** 23 Pa.C.S.A. §§ 6101–6122 (PFA Act).  We affirm.

The parties previously dated.  They later became involved in a business venture, although they disagreed about their respective roles and authority.  On August 9, 2022, Larsen petitioned for a PFA order against Whittinghill.  The matter proceeded to a hearing on September 19, 2022.

At the hearing, Larsen testified about several incidents with Whittinghill.  First, Larsen described a time when Whittinghill became angry while he was driving and "said he was going to just take all of our lives and that would make everything easier."  N.T., 9/19/22 (first volume), at 8.  She said that he then slammed on the brakes, which was one of the first times she feared him.  ***Id.***

Second, Larsen testified that on July 24, 2022, Whittinghill backed her against a wall outside the business and said, "I'm going to f[—] bury you. And legally I'll make your life a nightmare." *Id.* at 10–13. When she asked him to stop, he walked away, threw a can of beer at her, and continued to yell at her. *Id.* at 13.

Third, Larsen testified that on August 8, 2022, Whittinghill followed her outside and said, "you're going to answer all these questions. You're not going to be here anymore." *Id.* at 16. She said that when she asked what he meant, he said, "you're not going to be here anymore. Tomorrow will be the worst day of your life." *Id.*

Larsen testified that she interpreted Whittinghill's statements as threats to kill her. *Id.*; N.T., 9/19/22 (second volume), at 23. She described how she was afraid that Whittinghill would kill her and how she took measures to protect herself.

Whittinghill disputed the wording of the statements that Larsen said he made to her. He presented testimony from himself and others that the context of his statements was that he was going to fire Larsen from the business and pursue legal remedies against her.

The trial court found that Larsen proved that Whittinghill had perpetrated abuse. The court granted a three-year PFA order. Whittinghill timely appealed.

Whittinghill presents one question for our review: "Whether the trial court erred in finding abuse was present to support the entry of a Protection

from Abuse Order where there was no evidence of a course of conduct which placed [Larsen] in fear of bodily injury?" Whittinghill's Brief at 4. He argues that his statements did not meet the definition of abuse (and that the trial court erred in finding they did) because they could not be reasonably construed as threats to kill her. *Id.* at 8–11.

On an appeal from a PFA order, this Court determines whether the trial court committed an error of law or otherwise abused its discretion. *E.K. v. J.R.A.*, 237 A.3d 509, 519 (Pa. Super. 2020) (citing *Boykai v. Young*, 83 A.3d 1043, 1045 (Pa. Super. 2014)). For a sufficiency claim, we view all evidence in a light most favorable to the petitioner, including all reasonable inferences, to determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. *Id.* (citing *K.B. v. Tinsley*, 208 A.3d 123, 128 (Pa. Super. 2019)). In doing so, we defer to the trial court's determinations of credibility. *Id.*

"The purpose of the PFA Act is to protect victims of domestic violence from those who perpetrate such abuse, with the primary goal of advance prevention of physical and sexual abuse." *Id.* (quoting *Buchhalter v. Buchhalter*, 959 A.2d 1260, 1262 (Pa. Super. 2008)). "Abuse" under the PFA Act includes "Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person,

without proper authority, under circumstances which place the person in reasonable fear of bodily injury." 23 Pa.C.S.A. § 6102(a).[1]

In a PFA case, the trial court determines whether the petitioner "is in reasonable fear of imminent serious bodily injury." **E.K.**, 237 A.3d at 519 (quoting **Raker v. Raker**, 847 A.2d 720, 725 (Pa. Super. 2004)). Past acts of abuse are relevant in determining if the petitioner's fear is reasonable. **Id.** (citing **K.B.**, 208 A.3d at 128); **Buchhalter**, 959 A.2d at 1264. In this inquiry, the defendant's subjective "intent is of no moment." **Raker**, 847 A.2d at 725.

Here, the trial court found that Whittinghill telling Larsen that he would "bury her" and that tomorrow would be the "worst day of [her] life" put Larsen in fear that he would kill her. N.T., 9/19/22 (second volume), at 78–79. The court explained that it found her fear to be reasonable based in part on Whittinghill's previous statement that "he was just going to take all of [their] lives" and his subsequent action in slamming on the brakes. Trial Court Opinion, 1/20/23, at 2.

Although Whittinghill gave an alternative narrative, the trial court was free to believe Larsen's testimony about what Whittinghill told her and about her fear. **E.K.**, 237 A.3d at 519. In determining that Larsen's fear was reasonable, the trial court properly considered Whittinghill's prior actions. **Buchhalter**, 959 A.2d at 1264. Even if Whittinghill meant that he was going

---

[1] This definition of abuse applies only to people in qualifying relationships. 23 Pa.C.S.A. § 6102(a). Here, it was undisputed that Larsen and Whittinghill were former "sexual or intimate partners," so they were subject to this law.

to "bury" Larsen in legal processes and that she was "not going to be" at the business anymore after he fired her, his intent does not control. ***Raker***, 847 A.2d at 725. Therefore, the trial court did not commit an error of law or abuse its discretion by finding that Whittinghill had abused Larsen and by granting a three-year PFA order.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/04/2023